**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 10 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EZ PEDO, INC., a California corporation, | No. 18-15806 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00731-KJM-CKD |
| v. | |
| MAYCLIN DENTAL STUDIO, INC., DBA Kinder Krowns, a Minnesota corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted March 13, 2019
San Francisco, California

Before: SILER,** TASHIMA, and McKEOWN, Circuit Judges.

EZ Pedo, Inc. ("EZ Pedo") argues that the district court erred in concluding that EZ Pedo's Beach Girl, Blue CAD, and Gears trade dress was not inherently distinctive. We have jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1291.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

We review de novo the district court's grant of partial summary judgment in favor of Mayclin Dental Studio, Inc. ("Mayclin"), and affirm. *Arce v. Douglas*, 793 F.3d 968, 975–76 (9th Cir. 2015).

We need not decide whether the district court erred in concluding that EZ Pedo failed to adequately define its claimed trade dress, because whether adequately defined or not, none of the trade dress at issue is inherently distinctive. The Beach Girl trade dress consists of information about EZ Pedo, descriptions and illustrations of its product (pediatric zirconia crowns) and a picture of that product's ultimate user (a child). The Blue CAD trade dress adds nothing more than a particular color, which the Supreme Court has held cannot alone be inherently distinctive. *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 162–63 (1995). The Gears trade dress is merely a commonplace image combined with a two-word phrase. Such trade dress does not "immediately signal a brand or a product source." *Wal-Mart Stores, Inc v. Samara Bros., Inc.*, 529 U.S. 205, 212–13 (2000) (internal quotation marks and alterations omitted).

EZ Pedo does not argue on appeal that its claimed trade dress has secondary meaning, so the trade dress infringement claims must fail. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1258 (9th Cir. 2001).

**AFFIRMED.**